UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JONATHAN S. DANIELS,                         Case No. 1:13-cv-402

    Plaintiff,                               Barrett, J.
                                                     Bowman, M.J.

    v.

NEW PRIME, INC., et al.,

    Defendants.


**REPORT AND RECOMMENDATION**

On June 10, 2013, Plaintiff, proceeding *pro se*, paid the requisite filing fee and initiated this civil suit against five Defendants.  Plaintiff alleges that he "returned to Ohio and applied for unemployment compensation," apparently after working for Defendant New Prime, Inc. Plaintiff's complaint acknowledges that he initially received approximately $1400.00 in such benefits, but was later notified after a "so-called hearing" that he was required to repay the benefits previously received, because New Prime, Inc. reported that he had been terminated for "unsatisfactory work performance" and for "violation of company policy."  Plaintiff's complaint indicates that a telephonic hearing was held by the Ohio Unemployment Compensation Review Commission, at which Defendant Hearing Officer Martin Krauss presided, but at which Plaintiff did not appear.  (Doc. 1 at 3; *see also* Doc. 8-1, Decision of Hearing Officer at 3).  Plaintiff's complaint seeks to challenge the "untruths" allegedly perpetuated by his former

1

employer in the course of proceedings before the Commission, that resulted in the adverse Ohio Unemployment Compensation Review Decision. (Doc. 1 at 4). Last, Plaintiff complains that the Attorney General's office took action to recoup the overpaid unemployment compensation by withholding a portion of his income tax refunds. (*Id.*).

Although some Defendants are represented by the Ohio Attorney General's Office while others have retained private counsel, on June 27 and July 1, 2013, all five Defendants filed motions to dismiss all claims against them. (Docs. 8, 11). S.D. Ohio Civ. R. 7.2(a)(2) provides that a memorandum in opposition "shall be served and filed within twenty-one (21) days from the date of service set forth in the certificate of service attached to the Motion." When Plaintiff filed no timely response, the undersigned ordered him to "**SHOW CAUSE**, in writing on or before **August 21, 2013**, why the Defendants' motions to dismiss should not be construed as unopposed and granted for the reasons stated, to the extent supported by law." This Court's "show cause" order was returned to this Court as "undeliverable" at the address listed by Plaintiff on his complaint. (Doc. 13).

It is unclear whether Plaintiff actually received the "show cause" order, or whether the timing of his response was merely coincidental to the Court's August 21, 2013 deadline. Regardless, on August 22, 2013, Plaintiff filed a response in opposition to the Defendants' motions to dismiss.

The undersigned has reviewed Defendants' motions to dismiss all claims against them, as well as Plaintiff's belated response thereto, and concludes that both motions are fully supported by law. Plaintiff's claims for the sum of $4 million in monetary

damages against the Ohio Unemployment Compensation Review Commission and Hearing Officer Martin Krauss are barred by the Eleventh Amendment, and his claims against Defendant Krauss are further barred by the doctrine of absolute immunity.  *Cf., Bennett v. Lopeman*, 598 F. Supp. 774 (N.D. Ohio 1984)(recognizing narrow exception to Eleventh Amendment for prospective injunctive relief, where claimant sought no monetary damages, but only to establish a right to a future appeal when he failed to receive a copy of the decision denying him benefits).

Plaintiff's claims against the three remaining Defendants, Andrea Mueller, Ken Auman, and New Prime, Inc., are all barred by a lack of subject matter jurisdiction and for failure to state a claim.  Plaintiff's claims directly challenge the adverse decision of the Ohio Unemployment Compensation Review Commission, which concluded that he was terminated for cause and therefore not entitled to benefits.  Plaintiff specifically challenges the negative statements against him made by his former employer in the context of the hearing.

Appellate review of a state unemployment benefit determination is provided for by O.R.C. §4141.282, which provides for an appeal to be made within thirty (30) days of the decision to the Ohio Court of Common Pleas.  Plaintiff filed no such appeal.  When a state provides for appellate review of a state administrative agency's decision, federal district courts have neither original jurisdiction nor removal jurisdiction over the review proceedings.  Therefore, "a federal court must dismiss an action that is seeking an appellate review of a state agency determination."  *Hayner v. City of Wash. Court House*, 2007 U.S. Dist. LEXIS 541, 2007 WL 38136 (S.D. Ohio Jan. 4, 2007)(dismissing

3

claim that challenged unfavorable unemployment benefit determination, where plaintiff failed to appeal to Ohio Court of Common Pleas, citing *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 581 (1954)); *see also Powers v. NWA, Inc.*, 2006 WL 1343208 (W.D. Tenn., May 15, 2006)(holding that there is no original federal jurisdiction, and therefore no removal jurisdiction, over a state claim challenging the denial of unemployment compensation benefits). In addition, to the extent that Plaintiff is challenging the statements made by New Prime, Inc. and its representatives to the Commission in the context of the telephonic hearing, such communications are quasi-judicial in nature and subject to privilege. *See Baldwin v. Adidas America, Inc.*, 2002 WL 2012562 (S.D. Ohio, July 29, 2002)(noting that Ohio accords an absolute privilege to communications made during quasi-judicial proceedings, including but not limited to unemployment proceedings, citing *Barilla v. Patella*, 144 Ohio App.3d 524, 760 N.E.2d 898, 906 (Ohio Ct. App. 2001)); *see also Saini v. Cleveland Pneumatic Co.*, 1987 Ohio App. LEXIS 6872, 1987 WL 11098 (Ohio Ct. App., May 14, 1987).

Plaintiff's response generally argues that all Defendants have violated his rights, and that Defendants "do not deny besmearching [sic] my work reputation by their publications through the mail and internet." (Doc. 14 at 2). Plaintiff adds as a "P.S." or postscript to his response, a brief list of Constitutional Amendments that he believes that all Defendants have violated, including the Fourth, Fifth, Thirteenth, and Fourteenth Amendments.

For the reasons discussed, Plaintiff's response is legally insufficient either to overcome Defendants' motions, or to state any claim against any of the Defendants,

even if the Court were to construe the response as a proposed amendment to Plaintiff's complaint. All of the alleged "actions" of which Plaintiff complains relate to Plaintiff's claim for unemployment benefits, the representations of his former employer made during the hearing on Plaintiff's claim for benefits, and the hearing officer's decision on that claim. Thus, the Plaintiff's citations to the referenced Amendments do nothing to alter the legal basis for dismissal of his claims.

To the extent that the prior Order was returned by the U.S. Postal Service as "undeliverable," Plaintiff's failure to keep this Court apprised of his current address arguably provides an additional basis for dismissal, for failure to prosecute under Rule 41(b).

Accordingly, **IT IS RECOMMENDED THAT** Defendants' motions to dismiss (Docs. 8, 11) be **GRANTED**, and that this case be dismissed with prejudice, and stricken from the active docket.

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JONATHAN S. DANIELS,                    Case No. 1:13-cv-402

    Plaintiff,                          Barrett, J.
                                                     Bowman, M.J.

    v.

NEW PRIME, INC., et al.,

    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

6